Christopher J. Faucett #10733-081
United States Penitentiary-Hazelton
Post Office Box 2000
Bruceton Mills, WV. 26525



# United States District Court
## (Southern District of Indiana)

| | |
|---|---|
| Christopher J. Faucett, Plaintiff, vs. Mark A. Bezy, et al., Defendants. | 2:05-cv-00217-LJM-WTL <br><br> **Amended Complaint** |

## I

(A) The dispute before the court stems from a civil-suit brought by petitioner, (pursuant to Title 28 USC 1331 and/or 1346 or a "Bivens-Action"), alleging that federal prison officials violated the

Eighth Amendment to the United States Constitution by their deliberate indifference to Petitioner's overall life, health, and safety. Ultimately subjecting Petitioner to a serious life threating complication, that now, unfortunately is ilreversible.

(B) Petitioner, who is serving a 70 month federal sentence, has been diagnosed with "Asperger's Disorder", one who has a rare neurobiological disorder, and who exhibits (in part) deficiencies in social and communication skills. See Generally, American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders (DSM-IV, of 1996). For several years before being convicted and sentenced in 2003 at the age of 21, Petitioner experienced sexual-identity issues and homosexuality, relating to or having sexual attraction for members of one's own sex. See Generally, Webster's New International Dictionary of the English Language.

(C) Accordingly, at the age of 7, Petitioner was made a "ward" of the State of Indiana due to severe parental neglect, malnutrition, and childhood physical, sexual, and verbal abuse. During the next 13 years Petitioner subsequently grew up in a series of foster homes and residential facilities. Petitioner required special education, therapy, and psychological and psychiatric services.

(D) Furthermore, at the age of 18 and at the

STROKE OF A JUDGE'S PEN, PETITIONER'S "WARDSHIP" AND MEDICAID WAS TERMINATED. WITHIN 8 HOURS PETITIONER SUBSEQUENTLY FOUND HIMSELF WITHOUT HEALTHCARE AND HOMELESS ON THE STREETS OF DOWNTOWN INDIANAPOLIS. PETITIONER EXPERIENCED A GREAT DEAL OF DIFFICULTY MAINTAINING HOUSING AND EMPLOYMENT, AND AT THE AGE OF 19 UNSUCCESSFULLY APPLIED FOR DISABILITY AND MEDICAID.

(E) IN A FINAL DESPERATE CRY FOR HELP, PETITIONER COMMITTED A BANK-ROBBARY AND WAS CONVICTED AND SENTENCED TO 5 YEARS, 10 MONTHS IMPRISONMENT. WITH GOOD-TIME AND PRE-RELEASE COMMITMENT, PETITIONER WILL BE RELEASED IN APPROXIMATELY 21 MONTHS.

## II

(A) THE PRACTICE OF FEDERAL PRISON AUTHORITIES IS TO INCARCERATE PRE-OPERATIVE "AUTISTIC-HOMOSEXUALS" WITH PRISONERS OF LIKE BIOLOGICAL SEX, AND OF NORMAL MENTAL AND SOCIAL CAPACITIES, AND C.F. OVER TIME AUTHORITIES HOUSED PETITIONER IN SEVERAL FEDERAL FACILITIES, SOMETIMES IN THE GENERAL PRISON POPULATION BUT MORE OFTEN IN SEGREGATION. WHILE PETITIONER HAS BEEN SEGREGATED BECAUSE OF VIOLATIONS OF PRISON RULES, PETITIONER HAS ALSO BEEN SEGREGATED BECAUSE OF SAFTY CONCERNS.

(B) ON MARCH 15TH, 2004, PETITIONER WAS DESIGNATED BY THE BUREAU OF PRISONS' NORTH CENTRAL

Regional Office to the Federal Correctional Institution in Terre Haute, Indiana, (FCI-Terre Haute), a medium-security-facility. But due to construction delays he was housed in administrative detention at the United States Penitentiary in Terre Haute, Indiana, (USP-Terre Haute), a maximum-security-facility. The only U.S. Penitentiary in the nation that houses federal death-row inmates. <u>See Generally</u>, Bureau of Prisons Facilities, 2002. Although the record is unclear about the existence and security designations of the two facilities in 2004, penitentiaries are higher security facilities that house more troublesome prisoners than federal correctional institutions.

(C) After an extensive stay in administrative detention, (approximately 3 months), for safety concerns, petitioner was placed in the U.S. Penitentiary's general population. Within seven weeks petitioner was coerced to enter what was perceived to be a monogamous homosexual relationship, then coerced to cosmeticize himself, and was later violently assaulted for refusing to submit himself to homosexual prostitution.

(D) After petitioner requested protection, respondents refused to place petitioner in administrative detention, and instead sent petitioner back to the housing unit where he was then assaulted a second time. Officials then returned petitioner to administrative

DETENTION, WHERE HE REMAINED FOR 13 MONTHS FOR SAFTY CONCERNS AND MISCONDUCT. WHILE IN ADMINISTRATIVE DETENTION, PETITIONER VOICED SAFTY CONCERNS AND REPEATEDLY REQUESTED "SINGLE-CELL-STATUS-PROTECTION", BUT WAS REPEATEDLY DENIED.

(E) ON MAY 23RD 2005 WHILE IN ADMINISTRATIVE DETENTION, AND AFTER HAVING BEEN THREATENED TO SELECT A COMPATIBLE CELL-MATE, PETITIONER WAS HOUSED WITH A KNOWN HOMOSEXUAL PRISONER. WITHIN 5 HOURS AN OFFICIAL C.F. WITNESSED THE FELLOW PRISONER AND PETITIONER ENGAGING IN HOMOSEXUAL CONTACT. PETITIONER WAS THEN PLACED INTO QUARANTINED SEGREGATION TO AWAIT A HEARING ABOUT PETITIONER'S HIGH-RISK HIV-POSITIVE CONDITION.



## III

(A) ACTING WITHOUT COUNSEL, PETITIONER THEN FILED A "BIVENS-COMPLAINT" ALLEGING A VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION. SEE, BIVENS V. SIX UNKNOWN AGENTS, 403 U.S. 388 (1971); CARLSON V. GREEN, 446 US 14 (1980); FARMER V. BRENNAN, 511 US 825 (1994). AS RESPONDENTS THE PETITIONER NAMED THE DIRECTOR OF THE FEDERAL BUREAU OF PRISONS (HARLEY G. LAPPIN), SUED ONLY IN HIS OFFICIAL CAPACITY, AND SOME 22 OF HIS 42 USC 1983 COUNTERPARTS (INCLUDING OFFICIALS FROM THE NORTH CENTRAL REGIONAL

OFFICE AND THE FEDERAL-CORRECTIONAL-COMPLEX IN TERRE HAUTE, INDIANA). SUED IN THEIR OFFICIAL AND/OR PERSONAL CAPACITIES.

## As Amended

### IV

(A) RESPONDENTS, EITHER DESIGNATED PETITIONER TO FCI-TERRE HAUTE DESPITE KNOWLEDGE THAT NO SUCH FACILITY EXISTED OR HOUSED PETITIONER AT USP-TERRE HAUTE OR PLACED PETITIONER IN ITS GENERAL POPULATION DESPITE KNOWLEDGE THAT THE PENITENTIARY HAD A VIOLENT ENVIRONMENT AND A HISTORY OF INMATE ASSAULTS, AND DESPITE KNOWLEDGE THE THE PETITIONER AS A 21 YEAR OLD CAUCASIAN HOMOSEXUAL, WHO MOREOVER SUFFERS FROM ASPERGER'S-DISORDER AND EXHIBITS FLAMBOYANT, EFFEMINATE, NAIVE, IVY-LEAGUE CHARACTERISTICS, WOULD BE PARTICULARLY VULNERABLE TO ASSAULT AND SEXUAL AND SOCIAL PRESSURES BY SOME USP-TERRE HAUTE INMATES.

(B) THIS IN-AND-OF-ITSELF AMOUNTS TO A DELIBERATE INDIFFERENT FAILURE TO PROTECT PETITIONER'S SAFTY, AND THUS TO A VIOLATION OF PETITIONER'S EIGHTH AMENDMENT RIGHTS.

(C)   THIS CLAIM SERVES TO CONSOLIDATE CLAIMS CF. 3, AND 5 OF THE INITIAL COMPLAINT.

(D)   PETITIONER SEEKS COMPENSATORY AND PUNITIVE DAMAGES IN THE SUM OF $4,000,000.00, AN INJUNCTION BARRING THE FUTURE CONFINEMENT IN ANY PENITENTIARY, INCLUDING USP-TERRE HAUTE, AND A COURT ORDER FOR RESPONDENTS (FEDERAL PRISON OFFICIALS) TO RECTIFY THEIR HARSH, HAZARDOUS, DEADLY, AND SENSELESS CONDITIONS OF CONFINEMENT FOURTWITH.



V

(A)   RESPONDENTS, WHILE IN SEGREGATION EITHER HOUSED PETITIONER WITH SEVERAL INMATES, OR DELAYED FOR TO LONG THEIR RESPONSE TO A INCIDENT ON JANUARY 17TH 2005, OR FAILED TO PLACE PETITIONER ON "SUICIDE-WATCH" IN ACCORDANCE WITH POLICY AND APPLIED FORCE IN A MALICIOUS AND SADISTIC MANNER, DESPITE KNOWLEDGE THAT THE PETITIONER HAD REQUESTED SINGLE-CELL-STATUS-PROTECTION, DESPITE KNOWLEDGE OF PETITIONER'S MENTAL-HISTORY, ASSAULT-HISTORY, AND SUICIDAL-IDEATIONS, AND DESPITE KNOWLEDGE THAT EACH RESPONDENTS AGREED TO UP-HOLD AND PROTECT THE CONSTITUTION OF THE UNITED STATES WHEN THEY WERE HIRED/SWORN IN. SEE GENERALLY, THE "STANDARD-FORM 61" OF EACH RESPONDENT.

(B)   THIS IN-AND-OF-ITSELF AMOUNTS TO A DELIBERATE INDIFFERENT FAILURE TO PROTECT PETITIONER'S SAFTY,

AND A DELIBERATE[er] APPLICATION OF FORCE IN A MALICIOUS AND SADISTIC MANNER, AND THUS TO A VIOLATION OF PETITIONER'S EIGHTH AMENDMENT RIGHTS.

(C)   THIS CLAIM SERVES TO CONSOLIDATE CLAIMS 6, AND 7 OF THE INITIAL COMPLAINT.

(D)   PETITIONER SEEKS COMPENSATORY AND PUNITIVE DAMAGES IN THE SUM OF $3,000,000.00, AN INJUNCTION BARRING THE FUTURE CONFINEMENT IN ANY PENITENTIARY, INCLUDING USP-TERRE HAUTE, AND A COURT ORDER FOR RESPONDENTS (FEDERAL PRISON OFFICIALS) TO RECTIFY THEIR HARSH, HAZARDOUS, DEADLY, AND SENSELESS CONDITIONS OF CONFINEMENT FOURTHWITH.

(VI)

(A)   RESPONDENTS, EITHER BEING FULLY APPRISED OF THE GROSS INADEQUACY OF PSYCHOLOGICAL AND MEDICAL FACILITIES, AND PERSONNEL AT THE FEDERAL-CORRECTIONAL-COMPLEX IN TERRE HAUTE, INDIANA AND OF THE SERIOUSNESS OF THE PETITIONER'S SEXUALITY AND "AUTISTIC" CONDITION, NONETHELESS KEPT HIM IN THAT FACILITY AGAINST THE ADVICE OF DOCTORS, AGAINST A SOUND RECOMMENDATION FROM THE PETITIONER'S SENTENCING JUDGE, AND MOREOVER AGAINST A SOUND DESIGNATION MADE BY THE BUREAU OF PRISONS NORTH CENTRAL REGIONAL OFFICE, OR RESPONDENTS BEING FULLY APPRISED OF THE EXTENSIVE NUMBER OF HIV-POSITIVE INMATES AT THE FEDERAL-CORRECT-

IONAL-COMPLEX IN TERRE HAUTE, INDIANA AND OF THE FACT THAT DECEITFUL-ASSAULTS, AND HOMOSEXUALITY, AND THE SPREADING OF HIV WAS LONGSTANDING, PERVASIVE, WELL-DOCUMENTED, AND OUT-OF-CONTROL, NONETHELESS FAILED TO GIVE PETITIONER COMPETENT MEDICAL ATTENTION AFTER HE HAD BEEN EXPOSED TO THE HUMAN-IMMUNODEFICIENCY VIRUS, FAILED TO ADMINISTER EMERGENCY-PREVENTIVE-HIV TREATMENT, WHICH FURTHER INCREASED THE LIKELIHOOD OF CONTRACTION, ATTEMPTED TO MISLEAD THE "AUTISTIC" PETITIONER BY REASSURING HIM THAT HE WAS OKAY, AND BY INSTRUCTING HIM TO SIGN "MEDICAL-REFUSUAL-FORMS", AND DELAYED FOR TO LONG A TIME HIS TRANSFER TO AN OUTSIDE HOSPITAL.

(B) THIS IN-AND-OF-ITSELF AMOUNTS TO A DELIBERATE INDIFFERENCE TO PETITIONER'S "SERIOUS-MEDICAL-NEEDS", AND THUS TO A VIOLATION OF PETITIONER'S EIGHTH AMENDMENT RIGHTS.

(C) THIS CLAIM SERVES TO CONSOLIDATE CLAIMS 8, 10, AND 11 OF THE INITIAL COMPLAINT.

(D) PETITIONER SEEKS COMPENSATORY AND PUNITIVE DAMAGES IN THE SUM OF $8,000,000.00, AN INJUNCTION BARRING THE FUTURE CONFINEMENT IN ANY PENITENTIARY, INCLUDING USP-TERRE HAUTE, AND A COURT ORDER FOR RESPONENTS (FEDERAL PRISON OFFICIALS) TO RECTIFY THEIR HARSH, HAZARDOUS, DEADLY, AND SENSELESS CONDITIONS OF CONFINEMENT FOURTHWITH.

(E) WITH RESPECT TO THIS CLAIM, PETITIONER WOULD ASK FOR A COURT RECOMMENDATION, ENCOURAGING CONGRESS TO BRING FOURTH MUCH NEEDED LEGISLATION.

END OF AMENDED COMPLAINT



VII

(A) WITH RESPECT TO THE REMAINING CLAIMS, THE PETITIONER WOULD RESPECTFULLY ASK THE COURT TO DISMISS "WITH-OUT-PREJUDICE" CLAIMS 1, 2, 4, 9, 12, 13, 14, AND 15.

(B) IN SUPPORT OF THE PETITIONER'S CLAIMS, HE WOULD RESPECTFULLY SUBMIT THE ACCOMPANYING AFFIDAVIT AND DECLARE WHILE UNDER OATH THAT:

(C) I AM ENTITLED TO REDRESS;

(D) I TAKE THIS CIVIL-ACTION IN GOOD FAITH; AND

(E) THIS CIVIL-ACTION IS **NOT** FRIVOLOUS AND IT PRESENTS A SERIOUSLY SUBSTANTIAL QUESTION.

## VIII

(A) THE PETITIONER FULLY UNDERSTANDS THAT THE UNITED STATES COURTS WILL NOT TOLERATE ACTS OF PERJURY BY THE PLAINTIFF OR ANY OF THE DEFENDANTS.

(B) THE PETITIONER, (CHRISTOPHER JAMES FAUCETT), BEING FIRST DULY SWORN UNDER OATH, CERTIFIES UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE, ACCURATE, AND CORRECT TO THE BEST OF HIS KNOWLEDGE.

(C) THE PETITIONER FULLY UNDERSTANDS THAT THE SUBMISSION OF FALSE INFORMATION IS PUNISHABLE BY UP TO FIVE YEARS OF IMPRISONMENT, AND A FINE OF NOT MORE THAN $250,000.00 PURSUANT TO TITLE 18, USC 287, 1001, AND/OR 3571. SEE ALSO TITLE 31, USC 3729.

WHEREFORE THE PETITIONER, (HEREINAFTER), WOULD HIGHLY AND UTMOST RESPECTFULLY MOVE THE COURT THIS 17TH DAY OF MAY IN THE YEAR OF 2006.

X _____
CHRISTOPHER JAMES FAUCETT
(THE PETITIONER HEREINAFTER)
D.O.B.   06-17-1982
B.O.P. # 10733-081

\* 2:05-cv-00217-LJM-WTL

## CERTIFICATE-OF-SERVICE

I HEREBY CERTIFY AND RETURN THAT I AM THE PLAINTIFF IN THE FOREGOING CIVIL-SUIT, AND THAT A TRUE, ACCURATE, AND CORRECT COPY OF THE FOREGOING 11 PAGE AMENDED-COPLAINT WAS MAILED FIRST-CLASS WITH POSTAGE PRE-PAID TO THE FOLLOWING:

| | |
|---|---|
| THE OFFICE OF THE CLERK OF THE U.S. DISTRICT COURT  Ms. LAURA A. BRIGGS  207 FEDERAL BUILDING, 30 N. 7TH  TERRE HAUTE, IN.  47808  PH. 1-812-234-9484 | THE OFFICE OF THE U.S. ATTORNEY  10 WEST MARKET ST., SUITE 2100  INDIANAPOLIS, IN.  46204  COUNSEL FOR DEFENDANTS. |
| THE U.S. ATTORNEY GENERAL  MR. ATTY. GEN. ALBERTO GONZALES  10TH AND CONSTITUTION AVE, N.W.  WASHINGTON, DC.  20530  COUNSEL FOR DEFENDANTS. | THE LAW OFFICE OF FAGEL + HABER  ATTORNEY JAMES CHAPMAN, ET AL.  55 EAST MONROE ST., 40TH FLOOR  CHICAGO, IL.  60603  COUNSEL SOUGHT BY PLAINTIFF. |

### WARNING

\* PETITIONER WOULD ASK FOR A WRITTEN ACKNOWLEDGMENT OF RECEIPT FROM EACH OF THE ABOVE, PLEASE.

05-17-2006
DATED

x _Christopher J. Faucett_
CHRISTOPHER J. FAUCETT
USP-HAZELTON, P.O. BOX 2000
BRUCETON, MILLS, WV. 26525